CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 23 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RAFAEL GARCIA, <br>     Petitioner | Civil Action No. 7:08CV00048 |
| v. | MEMORANDUM OPINION |
| TERRY O'BRIEN, WARDEN, <br>     Respondent | By: Samuel G. Wilson <br> United States District Judge |

Petitioner Rafael Garcia, an inmate at the United States Penitentiary in Lee County, Virginia, brings this writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the United States Parole Commission's ("Commission") decision denying him parole. Respondent Terry O'Brien has filed a motion to dismiss. The court finds that Garcia's petition lacks merit and therefore dismisses it.

## I.

On July 27, 1999, the Superior Court of the District of Columbia sentenced Rafael Garcia to eighteen years in prison for armed robbery, in violation of D.C. Code § 22-2901.[1] The Commission has parole authority over Garcia since he is a District of Columbia Code offender.[2] Garcia became eligible for parole after serving six years in prison, and on June 30, 2004, a Commission hearing examiner conducted Garcia's initial parole hearing. On July 29, 2004, the Commission denied Garcia parole and continued him to a Three Year Reconsideration Hearing

---

[1] Since Garcia's conviction, the District of Columbia has renumbered its robbery statute as D.C. Code § 22-2801.

[2] The Commission exercises authority over D.C. Code offenders pursuant to the National Capital Revitalization and Self-Government Act of 1997. See Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (1997); D.C. Code § 24-131(a). The Commission's regulations and guidelines regarding those offenders are found in 28 C.F.R. §§ 2.70-2.220.

scheduled in June 2007. The Commission determined that Garcia's guideline range was 96-124 months.

The Commission conducted Garcia's reconsideration hearing on September 11, 2007. The hearing summary noted that Garcia had committed eight disciplinary infractions since his initial hearing. Six infractions were minor administrative violations; one infraction related to drug use; the summary described the remaining infraction as an "Assault with Serious Injury" in which Garcia "assaulted another inmate stabbing him eleven times with a homemade knife." The other inmate survived but suffered serious bodily injuries. The summary then described the colloquy between Garcia and the hearing examiner regarding this incident:

> The subject admitted that he stabbed the other inmate. However, he claims he did not do it by himself. He said there were really six other inmates involved in the attack. He said two knives were used and a lock and sock was used. The subject stated that he attacked the other inmate because the other inmate had "jumped on him." He also said there had been heated words between the two of them at a previous prison. The subject was told that the Assault would be considered an Attempted Murder. He seemed to understand that without questioning the decision.

Based on Garcia's admission, the hearing examiner determined that the assault should be classified as a Category Eight offense "because it involved Attempted Murder, New Criminal Conduct." Category Eight offenses require an additional disciplinary guideline of 120+ months to be added to the guideline range established at Garcia's initial parole hearing.[3] The summary

---

[3]The regulations for D.C. code offenders allow the Commission to impose an additional guideline range for any new criminal behavior in a prison facility. See 28 C.F.R. §§ 2.36(a)(2)(ii), 2.80(j), (l), (m) (2008). The Offense Behavior Severity Index classifies new criminal behavior in a prison facility into eight offense severity categories. 28 C.F.R. § 2.20 (2008). Under this index, Attempted Murder is rated Category Eight, the highest offense level. Id. ch. One, para. 102; ch. Two, subch. A, para. 201. An Assault resulting in serious bodily injury is rated Category Seven. Id. ch. Two; subch. B, para. 212(a). An Assault resulting in bodily injury, or involving a dangerous weapon, is rated Category Five. Id. ch. Two; subch. B,

2

noted that a Discipline Hearing Officer ("DHO") had conducted a hearing and had found Garcia guilty of the conduct,[4] but the examiner did not have access to the DHO report at the reconsideration hearing. In the summary, the examiner noted his request that the report be sent to the Commission.

The hearing examiner recommended a Total Guideline Range of 216+ months, based upon the Attempted Murder, the seven additional disciplinary infractions that Garcia committed between his initial hearing and reconsideration hearing, and Garcia's previous guideline range established at the initial hearing. On October 2, the Commission issued its report which established Garcia's guideline range of 216+ months, denied parole, and continued to a Three-Year Consideration Hearing scheduled in September 2010. Garcia has now filed a petition for writ of habeas corpus in this court.

## II.

Garcia's first claim is that the Commission relied on erroneous information in classifying his assault as Attempted Murder, a Category Eight offense. Since the DHO found Garcia guilty of "Assaulting any Person" (a Code 101 violation of the Bureau of Prisons Rules), Garcia argues the Commission should have also classified his offense either as an Assault resulting in serious

---

para. 212(b).

[4]In a discipline hearing on June 8, 2007, a Discipline Hearing Officer ("DHO") from the Federal Bureau of Prisons found that Garcia committed the prohibited act of Assaulting any Person, a Code 101 violation of Bureau of Prisons rules under 28 C.F.R. § 541.13 (2008). According to his report, Garcia, while accompanying a group of inmates, entered another inmate's cell and repeatedly stabbed him. The inmate sustained "eleven puncture wounds to his shoulder and back, a large hematoma to his forehead and a scratch to the right side of his chest." The report found that Garcia was the only person striking the inmate. Garcia received a sixty day disciplinary segregation and lost his commissary and visitation privileges for one year.

3

bodily injury, a Category Seven offense that would reduce his additional disciplinary guideline range from 120+ months to 62-94 months, or as an Assault resulting in bodily injury, a Category Five offense that would reduce his disciplinary guideline range to 36-48 months. See 28 C.F.R. § 2.36(a)(2)(ii) (2008). Garcia's argument lacks merit. This court cannot review the Commission's substantive decision to grade Garcia's conduct as Category Eight because that decision is committed to agency discretion by law. To the extent Garcia argues the Commission exceeded its authority or failed to follow its own regulations in grading his conduct as Category Eight, this argument is also without merit because the Commission is entitled to consider Garcia's own admission of wrongdoing in grading his Code 101 Assault as Attempted Murder.

Congress granted the United States Parole Commission the power to grant or deny an inmate parole, and any "[a]ctions of the Commission committed *pursuant*" to that decision "shall be considered actions committed to agency discretion . . . ." 18 U.S.C. § 4218(d) (2000) (emphasis added).[5] The Fourth Circuit has recognized that district courts cannot review the presumptive parole date the Commission sets for prisoners because "Congress clearly intended to commit these substantive decisions to the absolute discretion of the Commission." Garcia v. Neagle, 660 F.2d 983, 988 (4th Cir. 1982). Other circuits have followed Garcia by holding that they lack jurisdiction to review the Commission's grading of offenses. See Wright v. U.S. Parole Comm'n, 948 F.2d 433, 435 (8th Cir. 1991); Wallace v. Christensen, 802 F.2d 1539, 1551-53 (9th Cir. 1986); Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir. 1984). Accordingly, this court cannot review Garcia's claim that the Commission should have classified his offense as

---

[5]Congress has extended the sunset date of the Parole Commission and Reorganization Act of 1976 to November 1, 2008. United States Parole Commission Extension and Sentencing Commission Authority Act of 2005, Pub. L. No. 109-76, § 2, 119 Stat. 2035, 2035 (2005).

4

Category Seven or Category Five rather than Category Eight.[6]

The court does have jurisdiction to consider allegations that the Commission "exceeded its legal authority, acted unconstitutionally, or failed to follow its own regulations." Garcia, 660 F.2d at 988. However, to the extent Garcia claims that the Commission exceeded its legal authority or failed to follow its own regulations in classifying his offense as Category Eight, this argument is also without merit. The relevant statutory authority specifically requires the Commission to consider reports and recommendations from prison staff in making parole release determinations. 18 U.S.C. § 4207(1) (2000). As a catch-all provision, the statute provides that the Commission shall also consider "additional relevant information concerning the prisoner (including information submitted by the prisoner) as may be reasonably available." 18 U.S.C. § 4207 (2000). In the Fourth Circuit, this "additional relevant information" can include evidence of other crimes, so long as the Commission has "some reasonably reliable information" regarding the commission of that crime. Marshall v. Garrison, 659 F.2d 440, 446 (4th Cir. 1981). Finally, the Commissioner's regulations allow it to consider any "substantial information" to establish the prisoner's offense severity rating. 28 C.F.R. § 2.19(c) (2008).

Under these standards, Garcia's claim that the Commission exceeded its authority in

---

[6] Garcia's claim would still fail in those circuits that review the Commission's decisions under an arbitrary and capricious or abuse of discretion standard. The Tenth Circuit, employing this alternative standard, specifically held that the Commission did not abuse its discretion in grading a prisoner's conduct as Attempted Murder when a prisoner had been convicted for assault with a deadly weapon with intent to inflict bodily harm. Gometz v. U.S. Parole Comm'n, 294 F.3d 1256, 1260-61 (10th Cir. 2002). The court found that the Commission had a rational basis for grading the conduct as Attempted Murder because the prisoner stabbed the victim several times, seriously wounded the victim, and three correctional officers were needed to force the prisoner from the victim. Similarly, in this case, the Commission would have a rational basis for concluding that, by stabbing the inmate eleven times with a homemade knife, Garcia was attempting to murder the inmate.

5

grading his offense as Category Eight must fail. At the hearing, the examiner graded the assault as Category Eight based on Garcia's own admission of wrongdoing. Garcia's own admission certainly qualifies as "additional relevant information" under the statute, and "substantial information" under the regulations. See Maddox v. U.S. Parole Comm'n, 821 F.2d 997, 999 (5th Cir. 1987) ("[T]he only constraints on the information that may be considered by the Parole Commission are constitutional."). Thus, the Commission did not exceed its authority in grading Garcia's offense as Category Eight.[7]

### III.

Garcia next contends that the absence of a right to appeal the Commission's parole determination violates his due process rights. This argument also lacks merit. There is no right to appeal, even in a criminal case. Abney v. United States, 431 U.S. 651, 656 (1977) (citing McKane v. Durston, 153 U.S. 684, 688 (1894) (holding that there is no right to an appeal in the criminal case under the Due Process Clause)). The operative question is simply whether Garcia has an adequate and effective means of testing the legality of his detention. See United States v. Brooks, 245 F.3d 291, 293 (3d Cir. 2001). Without question, 28 U.S.C. § 2241 affords him that right, he has exercised it, and the court has found no underlying statutory or constitutional violation. Cf. Alfaro-Reyes v. I.N.S., 224 F.3d 916, 921-22 (9th Cir. 2000) (holding that the Illegal Immigration Reform and Immigrant Responsibility Act of 1996's preclusion of a direct appeal from a Board of Immigration Appeals decision did not violate the Due Process Clause

---

[7]Although the reconsideration hearing examiner did not have access to the DHO report, the hearing summary noted that the Commission had requested a copy of it. This report further justifies a Category Eight classification because the DHO report found that Garcia was the only inmate who struck the victim, and this finding contradicts his testimony at the hearing that six other inmates participated.

because 28 U.S.C. § 2241 was still available to review constitutional claims).

## IV.

Finally, Garcia contends that the Commission violated 28 C.F.R. § 2.21(a)(2) when it classified his assault as new criminal conduct because that subsection requires that new criminal conduct "be determined either by a new federal, state, or local conviction or by an independent finding by the Commission at revocation hearing." The court finds that this argument is also without merit. The title of 28 C.F.R. § 2.21 is "Reparole Consideration Guidelines;" it does not apply to the Commission's decision denying Garcia parole.

## V.

For the reasons stated, the court will dismiss Garcia's § 2241 petition.

**ENTER**: This 22nd day of September, 2008.

_____
United States District Judge

7

Case 7:08-cv-00048-SGW-mfu   Document 16   Filed 09/23/08   Page 7 of 7   Pageid#: 72